# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD J. ALLISON, | Case No. 2:22-cv-00805-RFB-EJY |
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY DETENTION CENTER, | |
| Defendants. | |

Plaintiff Ronald J. Allison brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. (ECF No. 1-1.) On June 3, 2022, this Court ordered Allison to file a complaint in compliance with Local Special Rule 2-1 ("LSR 2-1") on or before August 5, 2022. (ECF No. 3.)  The Court also ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before August 5, 2022. (Id.) The Court warned Allison that the action could be dismissed if he failed to file a complaint in compliance with LSR 2-1 and file fully complete application to proceed in forma pauperis with all three documents or pay the full $402 filing fee for a civil action by that deadline. (Id. at 2-3.) That deadline expired and Allison did not file a complaint in compliance with LSR 2-1, did not file a fully complete application to proceed in forma pauperis, or pay the full $402 filing fee.

Allison's only response to the Court's order is a letter in which he accuses the Court of committing organized crime for denying his motions.  (ECF No. 4.)  The Court notes that Plaintiff has not filed any motions in this case, and the Court's order simply directed to Plaintiff to file a complaint in compliance with LSR 2-1 and file an application to proceed in forma pauperis or pay the filing fee.

## I.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Allison's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

1  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's
2  order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled
3  with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish).
4  Courts "need not exhaust every sanction short of dismissal before finally dismissing a
5  case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779
6  F.2d 1421, 1424 (9th Cir. 1986).

7       Because this action cannot realistically proceed unless Allison files a complaint in
8  compliance with LSR 2-1 and either files a fully complete application to proceed in forma
9  pauperis or pays the $402 filing fee, the only alternative is to enter a second order setting
10 another deadline. But the reality of repeating an ignored order is that it often only delays
11 the inevitable and squanders the Court's finite resources. The circumstances here do not
12 indicate that this case will be an exception:  there is no hint that Allison needs additional
13 time or evidence that he did not receive the Court's order. To the contrary, it appears that
14 Allison received the Court's order, deliberately ignored the order, and filed a letter
15 accusing the Court of participating in organized crime. Setting another deadline is not a
16 meaningful alternative given these circumstances. Therefore, the fifth factor favors
17 dismissal.

18      After thoroughly considering these dismissal factors, the Court finds that they
19 weigh in favor of dismissal.

20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Allison's failure to file a complaint in compliance with LSR 2-1 and to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee in compliance with this Court's June 3, 2022, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Allison wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 22nd day of November 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE